# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 08-128 (RHK/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Edward Lee Smith,** | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came before the undersigned Magistrate Judge on June 3, 2008 for the pretrial motions of defendant Derrick Smith.  Timothy C. Rank, Assistant United States Attorney, appeared on behalf of the Government.  John C. Brink, Esq., appeared on behalf of Mr. Smith (Smith).  Dispositive motions are referred for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

Of the three dispositive motions, two present no live dispute.  One is a motion to suppress identification evidence (Doc. No. 19), but Smith has not identified evidence to be suppressed.  The other is a motion to suppress statements (Doc. No. 20).  The motion arises from an interview of Smith on March 25, 2008, but the Government represents that it will not offer these statements into evidence at trial.  Both of these motions are appropriately denied as moot.

What remains is a motion to suppress evidence from a search and seizure (Doc. No. 21), through which Smith argues that a search warrant for his home was not supported by probable cause.

**I.	BACKGROUND**

Law enforcement received a tip from a confidential informant that the defendant in this matter, defendant Edward Smith, was the leader of the Vice Lords gang in Minneapolis. Based on this information, law enforcement was investigating Smith in 2007 and 2008. The task force was led by Detective Joe Poidinger of the Hennepin County Sheriff's Office.

In the course of this investigation, Poidinger learned that Smith was residing in a duplex in south Minneapolis. Smith, who was on parole, had reported the address as his residence to his parole officer. Poidinger also learned that Smith's son was residing there.

Around March 24, 2008, members of the task force pulled the garbage from behind the duplex. In that garbage, the officers found several baggies with cocaine and marijuana residue, along with other drug paraphernalia. At the time of the garbage pull, Poidinger observed that a silver Dodge was parked in the driveway. Poidinger had seen Smith driving that car many times beforehand.

Based on the garbage pull, Poidinger obtained a warrant to search the unit of the duplex where Smith resided. In the affidavit accompanying the search warrant application, in addition to indicating where Smith resided and the outcome of the garbage pull, Poidinger recited several details about Smith's criminal history. The affidavit stated that Smith was arrested for carrying a firearm without a permit in 1992 and 1994, and that he was convicted for possession of "cocaine, handguns, machine guns and grenades" in 1996. The task force executed the warrant on March 25, 2008.

At the motion hearing, Smith implicitly challenged many of the allegations in the search warrant affidavit. For instance, when cross-examining Poidinger, Smith asked Poidinger to state

where and when he saw Smith driving the Dodge. Poidinger was unable to supply these details, except to say that he had seen Smith driving the Dodge on several occasions over many months.[1]

Smith also observed that the affidavit does not mention that he lived in a duplex. For this reason, Smith argued, the incriminating garbage may belong to the other unit of the duplex. To support this position, Smith noted that the garbage included several letters addressed to others, yet Poidinger could not identify who the others were or whether they were connected to Smith. Poidinger did observe, however, that the address on the letters was that for the unit where Smith lived and not the adjoining unit.

Smith devotes substantial argument to the description of his criminal history. The record shows, contrary to what Poidinger stated in his affidavit, Smith was never arrested for possession of a firearm in 1992 or 1994. On the 1996 conviction, Poidinger admitted in his testimony that no grenades were involved, but said he believed the reference to machine guns was accurate. Smith asserts, and the record confirms, that Poidinger was mistaken about the machine guns as well. But the record verifies that Smith was convicted for possession of cocaine and firearms.

## II.   ANALYSIS

Smith argues that the search warrant affidavit includes so many false statements that the affidavit cannot supply probable cause. Assuming that the search warrant affidavit does include false statements, the issue becomes whether the affidavit still supplies probable cause.

---

[1] In his subsequent briefing, Smith asserts that Poidinger either did not see him driving the Dodge, or that Poidinger never saw him at all. To support this position, Smith cites two reports that Poidinger prepared in March and April 2007. Assuming that these reports accurately state what Poidinger knew at the time, they do not necessarily reflect any knowledge he has acquired since then. So these reports do not necessarily contradict Poidinger's affidavit or his testimony at the motion hearing. This concern, however, is ultimately immaterial to whether the search warrant was supported by probable cause.

The underlying principle at stake here is, for a search warrant to comport with the Fourth Amendment, a detached and neutral magistrate must find that it is supported by probable cause. *Warden v. Hayden*, 387 U.S. 294, 301-02 (1967).  Probable cause is present where a reasonable person would find a fair probability of incriminating evidence on the premises to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Where a defendant seeks to suppress evidence from a search warrant because the warrant was procured with an affidavit containing false statements, the defendant must satisfy a two-part test.  The defendant first must show that the affiant knowingly, or with reckless disregard for the truth, included false allegations in the affidavit.  Then, the defendant must show that when false information is omitted from the affidavit, the surviving statements do not support probable cause. *United States v. Davis*, 471 F.3d 938, 946 (8th Cir. 2006).

Under this test, if the challenged statements are excluded, yet the remaining statements supply probable cause, then a court need not decide whether the challenged statements are false. *See United States v. Jones*, 471 F.3d 868, 873 (8th Cir. 2006).

Consistent with this rule, this Court will disregard the statements challenged by Smith. The following analysis, therefore, sets aside whether Smith is a gang member and whether he drives a silver Dodge.  With regard to his criminal history, this Court also disregards the 1992 and 1994 arrests for possession of a firearm.  Except for the references to machine guns and grenades, however, Smith's 1996 conviction for possession of cocaine and firearms is properly considered.

Where an affidavit alleges that drug residue and paraphernalia was found in the garbage of the defendant's residence, and that the defendant was previously convicted for illegal drug offenses, there is sufficient information to support a reasonable belief that illegal drugs will be

found at the residence. In such circumstances, the affidavit ordinarily supplies probable cause. *United States v. Reinholz*, 245 F.3d 765, 776 (8th Cir. 2001); *United States v. Sumpter*, 669 F.2d 1215, 1221 (8th Cir. 1982).

That reasoning is equally applicable here. The affidavit indicates Smith was previously convicted for a drug offense, and that drug residue and paraphernalia was found in the garbage at Smith's residence. These allegations are enough to support a belief, by a reasonable person, that illegal drugs will be found there. As a result, the search warrant is supported by probable cause, and evidence from the warrant need not be suppressed.

Smith implies that, because his residence was a duplex, the incriminating garbage might be from the other unit of the duplex. Because the Government cannot show that the garbage was his, Smith suggests, the garbage pull cannot support probable cause. This argument, however, misapprehends the standard for determining probable cause. The affidavit need not establish the presence of contraband with absolute certainty; only a fair probability is needed.

Smith had a prior conviction for possession of cocaine. And although the incriminating garbage included letters to others, those letters were addressed to the unit where Smith lived. Such allegations are enough to establish a fair probability that the incriminating garbage came from Smith's residence and not the other unit. The warrant, therefore, is supported by probable cause, notwithstanding Smith's argument about the origin of the garbage.

### III. CONCLUSION

This Court concludes that, because the search warrant was supported by probable cause, Smith's motion to suppress evidence from a search and seizure should be denied. Being advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Smith's motion to suppress evidence from a search and seizure (Doc. No. 21) be **DENIED.**

2. Smith's other dispositive motions (Doc. Nos. 19, 20) be **DENIED AS MOOT.**

Dated this 24th day of June, 2007.          /s     *Jeanne J. Graham*

                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **July 8, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.