# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| United States of America, | Criminal No. 08-128 (RHK/JJG) |
| | Civil No. 10-2596 (RHK) |
| Plaintiff, | |
| vs. | **ORDER** |
| Edward Lee Smith, | |
| Defendant. | |

_____

On the assumption that Plaintiff may attempt to seek review of the Court's November 8, 2010 Order (Doc. No. 84), it seems appropriate to address whether he is entitled to a certificate of appealability

A federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2) (emphasis added); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A certificate of appealability will not be granted simply because the appeal is pursued in good faith and raises a nonfrivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal

are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, 111 S. Ct. 860, 862 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Plaintiff's claims in his § 2255 Motion are not the kind of claims that are "debatable among reasonable jurists." Flieger, 16 F.3d at 882-83. They do not present any novel or noteworthy questions of law that would warrant appellate review. "[H]abeas relief is warranted only if the [trial court's error] contains a fundamental defect resulting in a complete miscarriage of justice." Roberts v. Bowersox, 137 F.3d 1062, 1068 (8th Cir. 1998) (citing Martin v. Norris, 82 F.3d 211, 217 (8th Cir. 1996)), cert. denied, 119 S. Ct. 808 (1999). Because Plaintiff cannot show how the issues about which he complains contain any such defect or how reasonable jurists could disagree with this Court's resolution of these claims, the Court concludes that he is not entitled to a certificate of appealability. Accordingly, the Court **DECLINES** to issue a Certificate of Appealability.

Dated: November 12, 2010

                                               s/Richard H. Kyle
                                               RICHARD H. KYLE
                                               United States District Judge