## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **MEMORANDUM OPINION** |
| v. |  | **AND ORDER** |
|  |  | Criminal No. 19-144 ADM/HB |
| Edward Lee Smith, |  | Criminal No. 08-128 PAM |
|  |  | Civil No. 22-174 ADM |
|  | Defendant. | Civil No. 22-1334 PAM |

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Edward Lee Smith, pro se.

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Edward Lee Smith's ("Smith") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [2019 Case Docket No. 91] [2008 Case Docket No. 148]; Motion to Stay [2019 Case Docket No. 97]; and Motion to Close Briefing [2019 Case Docket No. 104].[1]  Also before the Court is Plaintiff United States of America's (the "Government") Motion to Dismiss Defendant's § 2255 Motion [2019 Case Docket No. 99] [2008 Case Docket No. 149].  For the reasons set forth below, Smith's Motions are denied and the Government's Motion is granted.

## II. BACKGROUND

### A.  District Court Proceedings

On May 14, 2019, Smith was charged in a one-count Indictment with Possession with the Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Citations to the "2019 Case Docket" are to the docket in Case No. 19-cr-144 ADM/HB. Citations to the "2008 Case Docket" are to the docket in Case No. 08-cr-128 PAM.

841(a)(1)(B).  Indictment [2019 Case Docket No. 1].  Smith pled guilty to possessing on February 20, 2019 approximately 1,678 grams of cocaine, 884 grams of fentanyl-laced heroin, and 608 vials of THC oil.  Plea Agreement [2019 Case Docket No. 46] ¶ 2.

At the time of Smith's 2019 offense, he was on supervised release with the U.S. Probation Office as a result of his federal conviction in 2008 for Manufacturing Cocaine Base and Possession with Intent to Distribute Cocaine Base.  See Sentencing J. [2008 Case Docket No. 57].  The Probation Office filed a Petition for Violation of Supervised Release in the 2008 Case, alleging that Smith had violated the terms of his supervised release by possessing controlled substances.  See Petition [2008 Case Docket No. 103].

On June 25, 2019, Smith's counsel filed several pretrial motions in the 2019 Case, including a motion to suppress evidence.  See Mot. Suppress [2019 Case Docket No. 32]; Mem. Supp. Mot. [2019 Case Docket No. 33].  Smith's suppression motion was based on his contentions that law enforcement had obtained his cell phone records without a warrant and that probable cause was lacking for the warrant used to search a Minneapolis residence.  Id. Approximately 10 days before the scheduled hearing date on the motion, Smith withdrew the suppression motion to enter a plea agreement with the Government.  See Letters [2019 Case Docket Nos. 38, 39]; Order Cancelling Mot. Hr'g [2019 Case Docket No. 40].

On July 31, 2019, Smith entered a plea of guilty to the charge in the Indictment.  Min. Entry [2019 Case Docket No. 44]; Plea Agreement [2019 Case Docket No. 46].  In the Plea Agreement, the parties stipulated that Smith was a career offender under the § 4B1.1(b)(1) of the United States Sentencing Guidelines.  Plea Agreement ¶ 7.a.  The Plea Agreement also included an appeal waiver provision in which the Government agreed not to appeal the sentence unless it

was less than 144 months, and Smith agreed not to appeal the sentence unless it was greater than 216 months.  Id. ¶ 12.

On November 13, 2019, the Court held a sentencing hearing in Smith's 2019 Case and a final revocation hearing in his 2008 Case.  Min. Entry [2019 Case Docket No. 66]; Min. Entry [2008 Case Docket No. 131].  At the hearing, the Court informed Smith that his guilty plea to the possession charge "involves a violation of your sentencing supervised release from your previous case, because there's a new offense and you had obviously a requirement to have no new offenses and not be involved with narcotics."  Sentencing and Final Revo. Tr. [2019 Case Docket No. 83] [2008 Case Docket No. 141] at 5.  Smith acknowledged this and waived any hearing on the revocation petition.  Id.  The Court then stated, "[T]he record will reflect that the hearing has been waived, and we'll treat that case as a part of this case under the circumstances and do both sentencings at once."  Id.

The Court sentenced Smith in the 2019 Case to a term of 180 months of imprisonment and a supervised release term of eight years.  Id. at 21; Sentencing J. [2019 Case Docket No. 67].  The Court then sentenced Smith in the 2008 Case for his supervised release violation.  The Court imposed a term of imprisonment for 30 months, to run consecutively with the 180-month sentence in the 2019 Case.  Sentencing and Final Revo Tr. at 22; Sentencing J. [2008 Case Docket No. 133].

**B  Appeals of Smith's Sentences**

Smith filed separate appeals of his sentences in the 2019 and 2008 Cases.  See Notice Appeal [2019 Case Docket No. 69]; Notice Appeal [2008 Case Docket No. 134].  The Government moved to dismiss Smith's appeal of his sentence in the 2019 Case, arguing that

3

Smith had waived the right to appeal his sentence in the Plea Agreement.  See United States v. Smith, Appeal No. 19-3565, Entry ID 4862145.  The Eighth Circuit granted the Government's motion and entered judgment dismissing the appeal on December 27, 2019.  Id. at Entry ID 4865676.  Smith did not file for a writ of certiorari with the United States Supreme Court to review this judgment.

In Smith's appeal of his sentence in the 2008 Case, the only ground raised was whether this Court erred by imposing a consecutive rather than concurrent sentence.  See United States v. Smith, Appeal No. 19-3528, Entry ID 4875652.[2]  The Eighth Circuit affirmed Smith's 30-month consecutive sentence on December 23, 2020, and entered judgment.  United States v. Smith, 983 F.3d 1006 (8th Cir. 2020); USCA J. [2008 Case Docket Nos. 143, 144].  Smith filed for a writ of certiorari to review the judgment.  Def.'s App. [Docket No. 102, Attach. 1] at 24-31.[3]  The sole ground raised in the petition was whether the sentence in Smith's 2008 Case should have been concurrent rather than consecutive.  Id.  The United States Supreme Court denied the petition on June 28, 2021.  Smith v. United States, 141 S. Ct. 2873 (2021).

**C.  Present Motions**

On May 17, 2022, Smith filed this 2255 Motion in both his 2019 Case and his 2008 Case. Smith alleges five grounds in the 2255 Motion:  (1) the Court created a "manifest injustice" by applying the career offender enhancement to his sentence; (2) Smith's counsel was ineffective

---

[2]  In April 2020, more than four months after filing the appeal of the sentence in the 2008 Case, Smith filed a pro se motion to appoint substitute counsel in which he argued that cause for substitution existed because counsel refused to challenge his career offender status.  See id. at Entry ID 4898472.  The caption of Smith's motion references only the 2019 Case.  See id.  The judgment in the 2019 Case had already been affirmed by the Eighth Circuit on December 27, 2019, and Smith did not seek review of that judgment.

[3]  Page number citations are to the page number in the CM/ECF banner at the top of the page.

during sentencing and on appeal by not challenging the Court's "misapplication" of the career

offender guideline; (3) counsel was ineffective at the plea stage for advising Smith to agree to a

plea that included a stipulated career offender designation; (4) counsel was ineffective for failing

to investigate or challenge the Government's evidence; and (5) Smith's Fourth Amendment

rights were violated by law enforcement's illegal search of his cell phone records.  2255 Mot. at

2.

The Government has filed a motion to dismiss Smith's § 2255 Motion.  The Government

argues that the 2255 Motion in the 2019 Case is time-barred because it was filed more than a

year after the judgment and conviction in that case became final.  The Government further argues

that the 2255 Motion in the 2008 Case fails to state a claim upon which relief can be granted.

### III.  DISCUSSION

**A.  Legal Standards**

**1.  Section 2255**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to

collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence.  See

United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of

constitutional rights and for a narrow range of injuries which were outside a direct appeal and

which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States,

810 F.2d 817, 821–22 (8th Cir. 1987).

**2.  Ineffective Assistance of Counsel**

"To establish ineffective assistance of counsel within the context of section 2255 . . . a

movant faces a heavy burden."  Apfel, 97 F.3d at 1076.  A defendant must show that "(1) his

attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance." Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668 (1984)).  The defendant must overcome the "strong presumption" that his counsel provided reasonable assistance.  Id.  Overcoming that presumption requires a showing that, "in light of all the circumstances, the lawyer's performance was outside the range of professionally competent assistance."  Cox v. Norris, 133 F.3d 565, 573 (8th Cir. 1997).  If the defendant can show his counsel's performance was inadequate, he then must show that, but for the deficient performance, the outcome of his case would have been different.  Id.

## B.  Smith's 2255 Motion in the 2019 Case

### 1.  Timeliness

The Government argues that Smith's § 2255 Motion in the 2019 Case is time-barred under § 2255(f).  This provision includes a one-year statute of limitations provision that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

6

28 U.S.C. § 2255(f).

The Eighth Circuit's judgment in the 2019 Case was entered on December 27, 2019. The time for Smith to file a petition for certiorari for review of the judgment expired 90 days later, on March 26, 2020. See Supreme Court Rule 13. As such, the one-year limitations period under § 2255(f) expired on March 26, 2021. See Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Smith did not file his 2255 Motion in the 2019 Case until May 17, 2022, more than a year after the time expired.

Smith raises several arguments for why his § 2255 Motion is timely. None have merit. Smith first contends that the Court treated the 2008 and 2019 Cases as a single case with a single judgment, and that as a result the judgment in the 2019 Case did not become final until the judgment in the 2008 case became final. Smith bases his argument on the Court's comment at the sentencing hearing that it would "treat [the 2008] case as a part of this [2019] case under the circumstances and do both sentencings at once." Sentencing and Revo. Hr'g Tr. at 5. This comment merely explained that the sentencings in each case would be conducted during the same court session. The record establishes that the cases remained separate, with the Court imposing separate sentences and judgments in each case. See Sentencing J. [2019 Case Docket No. 67]; Sentencing J. [2008 Case Docket No. 133]. The cases remained distinct during the appeal stage, with Smith filing separate appeals and the Eighth Circuit entering separate judgments in each case.

Smith also argues that the sentences in his 2019 and 2008 Cases were intertwined into a single sentencing package that was not final until June 28, 2021.  However, Smith fails to cite any case in which sentences entered in two different cases are treated as a single judgment for finality purposes under § 2255.

Smith further contends that his claims related to the search of his cell phone records are timely under § 2255(f)(4) because his attorney did not provide him with a complete copy of the cell phone search warrant until November 2, 2021.  This argument fails because Smith has provided no details or documentation to show that he "exercise[d] . . . due diligence" in pursuing this information.  28 U.S.C. § 2255(f)(4).  Accordingly, Smith's 2255 Motion in the 2019 Case is untimely under § 2255(f).

### 2.  Equitable Tolling

Smith argues that the statute of limitations in § 2255(f) should be equitably tolled because he has been diligently pursuing his rights.  Equitable tolling will apply to § 2255 motions only where "extraordinary circumstances beyond a prisoner's control prevent timely filing."  United States v. Martin, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (internal quotation marks omitted).  To invoke the doctrine of equitable tolling, a prisoner must show:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013).  Equitable tolling is "an exceedingly narrow window of relief."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Smith argues that extraordinary circumstances exist because he was misled into believing that his cases would be treated as one.  As stated earlier, however, the record establishes that the

two cases were treated separately.  Smith's filing of separate appeals demonstrates his awareness that the two cases were  being treated individually.

Smith also argues that he conferred with a law clinic professor in April 2020 and with fellow inmates during the summer of 2020 about filing a § 2255 Motion and was told that he could not file a § 2255 Motion until his appeal to the Eighth Circuit was finalized.  Smith Decl. [Docket No. 103] ¶¶ 14, 24-25.  However, mistaken legal advice "has not generally been considered an extraordinary circumstance."  United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).

Smith also contends that he consulted with a local law firm in "late winter of 2021" about filing a § 2255 motion, and the firm expressed no reservations about the timeliness of such a motion.  Smith Decl. ¶¶ 26-29.  Smith does not specify whether the consultation was regarding the 2008 Case, the 2019 Case, or both.  To the extent, if any, that Smith received mistaken legal advice from the firm, this circumstance does not constitute an extraordinary circumstance. Additionally, the consultation occurred several months after the March 26, 2021 deadline for filing a § 2255 motion in the 2019 Case.  As such, the consultation cannot have prevented Smith from timely filing a § 2255 motion in that case.

Because Smith has failed to show circumstances warranting the "exceedingly narrow window of relief" for equitable tolling, his § 2255 Motion in the 2019 Case is time-barred. Jihad, 267 F.3d at 805.

### 3.  Additional Bases for Denying the § 2255 Motion in the 2019 Case

Even if Smith's § 2255 Motion in the 2019 Case had been timely, it would fail to state a claim for relief.  Smith's claims in Grounds I through III are based on his argument that he was

9

wrongly classified as a career offender under § 4B1.1 of the sentencing guidelines.  Smith argues that his 1999 federal felony conviction for attempt to distribute cocaine is not a predicate offense for purposes of the career offender guideline because the definition of a "controlled substance offense" in § 4B1.2(b) does not include inchoate offenses.  This argument is foreclosed by Eighth Circuit precedent.  United States v. Miller, 857 F. App'x 877, 878 (8th Cir. 2021) (per curiam); United States v. Brown, 1 F.4th 617, 620-21 (8th Cir. 2021) (per curiam); United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019), cert. denied, 140 S. Ct. 981 (2020); United States v. Williams, 926 F.3d 966, 971 (8th Cir. 2019); United States v. Mendoza-Figueroa, 65 F.3d 691, 693-94 (8th Cir. 1995) (en banc).  Thus, Smith was properly classified as a career offender and counsel was not ineffective for not challenging the classification or for advising Smith to accept a plea offer that included a stipulated career offender designation.

Smith argues in Ground IV that his attorney was ineffective for failing to investigate and challenge the evidence against him.  However, the record shows that Smith's counsel filed a motion to suppress this evidence.  Counsel cannot be ineffective for doing what Smith claims he did not do.

Smith claims in Ground V that his Fourth Amendment rights were violated by law enforcement's allegedly illegal search of his cell phone records.  Smith withdrew his suppression motion challenging the search of his cell phone records, and he did not raise a Fourth Amendment issue on appeal.  A defendant's failure to raise an issue on direct appeal constitutes a procedural default barring him from raising it for the first time in a § 2255 motion.  Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).  A defendant may overcome procedural default only if he can show both (1) a cause that excuses the default and (2) actual prejudice from the

alleged errors. Id.  Here, Smith cannot show cause that excuses the default.  He was aware of a

potential Fourth Amendment issue relating to the search of his cell phone records but chose not

to pursue the issue with the trial court or on appeal.  Accordingly, Smith has procedurally

defaulted on this claim.

**B.  Smith's 2255 Motion in the 2008 Case**

Smith's 2255 Motion in the 2008 Case is not time barred, but Smith fails to state a claim

upon which relief can be granted.  Grounds I through III fail because Smith's career offender

designation and his decision to plead guilty in the 2019 Case have no bearing on the disposition

of his supervised release violation.  Grounds IV and V fail because "[w]hether evidence was

obtained in violation of the Fourth Amendment to revoke [a defendant's] supervised release is

immaterial as the exclusionary rule generally does not apply in revocation of supervised release

proceedings."  United States v. Charles, 531 F.3d 637, 640 (8th Cir. 2008).

**C.  Smith's Remaining Motions**

In his Motion to Stay, Smith asks the Court to stay the § 2255 proceedings so that he can

complete his investigation of the factual support for his claims in Grounds IV and V.  This

motion is denied as moot because the claims are dismissed.

In his Motion to Close Briefing, Smith argues that the Government should be sanctioned

for failing to file a reply brief in support of its Motion to Dismiss and failing to notify the Court

that no reply would be filed.  Smith seeks an order barring the Government from filing a reply

brief, and requests that he be awarded $49.29 in fees associated with preparing the Motion to

Close Briefing.  The Court declines to grant the relief requested.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tiedeman v. Benson</u>, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised by this § 2255 Motion differently, or that any of the issues raised by Smith's § 2255 Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Edward Lee Smith's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [2019 Case Docket No. 91] [2008 Case Docket No. 148] is **DENIED**;

2. Plaintiff United States of America's Motion to Dismiss Defendant's § 2255 Motion [2019 Case Docket No. 99] [2008 Case Docket No. 149] is **GRANTED**;

3. Smith's Motion to Stay [2019 Case Docket No. 97] is **DENIED AS MOOT**; and

4. Smith's Motion to Close Briefing [2019 Case Docket No. 104] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

 s/Ann D, Montgomery

Dated:  October 20, 2022                          ANN D. MONTGOMERY
                                                             U.S. DISTRICT COURT

12